UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CESAR BAUTISTA-BAUTISTA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-2095-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Cesar Bautista-Bautista's Second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. Petitioner challenges his continued immigration detention, alleging an abuse of discretion by an Immigration Judge ("IJ") at a bond hearing after this Court's prior grant of habeas relief. The Court has reviewed the petition and a Return filed by the Government, Dkt. #6, and the remainder of the record.

Certain background facts have been set forth in Petitioner's prior habeas proceeding. *See Bautista-Bautista v. Scott*, No. 2:26-CV-01332 TMC, 2026 WL 1396141 (W.D. Wash. May 19, 2026). An Order in that case granted habeas relief of a new bond hearing and stated "if the IJ abuses their discretion when applying the law to Petitioner's request for bond, Petitioner may seek relief from that violation in a subsequent habeas petition." *Id*. (citing *Martinez v. Clark*, 124 F.4th 775, 783-84 (9th Cir. 2024). The order further stated: "After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order

unconditional release if the government fails to comply with the initial habeas order." *Id*. (citing *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020)).

The bond hearing occurred on June 11, 2026. Petitioner was represented by counsel and provided significant evidence in favor of granting release on bond. The IJ issued a "no bond" determination based on a finding of "danger to community." This decision was unsupported by factual findings, legal reasoning, or any indication that the required statutory and constitutional standards were meaningfully applied. The written order is simply a checked box for "danger to community." *See* Dkt. # 7-3 at 2.

On June 24, 2026, an IJ denied Petitioner's applications for relief from removal but granted his request for voluntary departure with an alternate order of removal in the event Petitioner fails to depart as directed. Dkt. #6. The Court found this odd under the circumstances of this case and directed the parties to provide a status update. *See* Dkt. #12. The subsequently filed joint status report completely ignores the voluntary departure relief, but states that Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") and that he remains detained. Dkt. #13.

The Court has reviewed the briefing of the parties and agrees with Petitioner that he is not challenging the outcome of the bond hearing but rather the process and procedures employed at that hearing. The record shows that the IJ at the bond hearing did not engage in a reasoned evaluation of the evidence or provide any factual finding or explanation supporting the conclusion of danger to the community. The facts presented by the Petitioner at the bond hearing support release and directly contradict the IJ's conclusion that no conditions could mitigate risk. These circumstances have been seen before by this Court and warrant granting habeas relief. *See* *Vasquez Lopez v. Scott*, No. 2:26-cv-00438-LK, 2026 WL 984151, at *3 (W.D. Wash. Mar. 28,

2026) ("The Court is left to speculate concerning how the IJ viewed the evidence in light of the applicable factors."); *id.* ("The Court must conclude that the IJ failed to do so, which constitutes an abuse of discretion."); *see also Haidari v. Scott,* No. 2:26-cv-01655-KKE (W.D. Wash. June 5, 2026). The Court will not force Petitioner to wait months in detention for his BIA appeal to be processed when there is such clear evidence of a lack of due process.

The Court's conclusion here is bolstered by the fact that mere days after an IJ found petitioner a danger to the community an IJ granted him the relief of voluntary departure. This makes no sense if he is a danger to the community. Petitioner was denied due process here and his requested relief is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be RELEASED from custody no later than September 1, 2026, on conditions no more restrictive than those in place prior to his detention, and that he may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate, at which the Government bears the burden of justifying continued detention by clear and convincing evidence. Respondents must file a status report no later than September 2, 2026, confirming compliance with this Order.

DATED this 31st day of August, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE